**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Kenneth W. Walters, | ) | Civil Action No. 0:13-1980-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Thomas & Betts Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Kenneth W. Walters ("Plaintiff") brings this action pursuant to the Americans with Disabilities Act (ADA) and the Americans with Disabilities Act Amendments Act (ADAAA), 42 U.S.C. § 12102 *et seq.* (2012); the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (2012); the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* (2012); and the common law of South Carolina, alleging age and disability discrimination and retaliation against Defendant Thomas & Betts Corporation ("Defendant"). Plaintiff was employed by Defendant at its Lancaster, South Carolina facility for approximately six years until his termination in March 2012. ECF No. 1-1 at 7, ¶ 6.

This matter is before the Court on motion of Defendant for summary judgment, filed on February 28, 2014. ECF No. 17. Plaintiff filed a response in opposition on March 31, 2014 (ECF No. 21), to which Defendant filed a reply on April 7, 2014 (ECF No. 22). In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on July 17, 2014, recommending that Defendant's motion be granted. ECF No. 25. Plaintiff filed objections to the Report and Recommendation on August 29, 2014. ECF No. 32. Defendant replied to Plaintiff's objections

on September 15, 2014.  ECF No. 33.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976).  The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1) (2012).

## FACTS

The Magistrate Judge's Report and Recommendation thoroughly discussed the facts of this case.  ECF No. 25.  Briefly, Defendant employed Plaintiff at its Lancaster, South Carolina, facility where he worked as a welder.  ECF No. 1-1 at 7, ¶ 6.  Sometime in 2009 or 2010, Plaintiff was diagnosed with Hepatitis C.  ECF No. 17-2 at 19.  The treatment prescribed by Plaintiff's doctors required him to take a large number of pills daily and to travel to his doctor's office once a week to receive treatments.  ECF No. 17-2 at 30.  This treatment regimen  required Plaintiff constantly to drink water, which caused him to make frequent trips to the restroom throughout the workday.  ECF No. 17-2 at 32.  On September 22, 2010, Plaintiff requested and was granted FMLA leave for treatment of his condition.  On February 28, 2012 he submitted a renewed FMLA request which specifically indicated his need to be absent regularly for the next year. ECF No. 17-2 at 23.  This second request, too, was granted.  ECF. No. 17-2 at 23.  Plaintiff submitted numerous doctor's excuses for missed work as part of his FMLA leave.  *See generally* ECF No. 17-3 at 22-43 (various doctor's excuses).  None of these was included in Plaintiff's

attendance record kept by Defendant.  *See* ECF No. 17-3 at 20-21 (Plaintiff's attendance records).  Plaintiff alleges that he was harassed by his immediate supervisor, Joe Tucholski, because of his condition, and that he reported this harassment to both the plant superintendent, Preston Dennis, and to a human resources manager, Carla Hunter.  ECF No. 17-2 at 33-35.

Company records reveal non-Hepatitis C-related issues with Plaintiff's performance at work during this period.  These issues included one verbal and two written warnings about his attendance, a verbal warning for violating the company's phone policy, and a written reprimand following a verbal altercation with a co-worker.  *See* ECF No. 25 at 3-4.  Plaintiff's supervisors rated him as needing improvement on annual performance reviews for 2010 and 2011 and noted problems with Plaintiff's work performance, attendance, and attitude.  ECF No. 25 at 4.  Defendant brought in an outside weld technician to train and work with Plaintiff.  Plaintiff was, for a period of time, decertified as a seam welder and moved to a different position.  ECF No. 25 at 4.

Tucholski, Dennis, and John Ryan, the plant's human resources manager, terminated Plaintiff's employment effective March 27, 2012.  ECF No. 17-3 at 47.  In the termination notice, Defendant noted that, despite warnings, Plaintiff "has not stayed at his work station, has had poor quality work, and has been confrontational in his response to managers and employees when requested [sic] for him to go back to work."  ECF No. 17-3 at 47.  The notice indicates that managers met with Plaintiff twice in March to address their concerns, but he "show[ed] no improvement" and became "more argumentative with management."  ECF No. 17-3 at 47.  The termination notice states that Plaintiff was fired for "failure to follow directions and poor workmanship."  ECF No. 17-3 at 47.

**DISCUSSION**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if proof of its existence or nonexistence would affect the disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249-50. Courts must "view the facts in the light most favorable to, and drawing all reasonable inference in favor of the nonmoving party." *Moore v. Mkasey*, 305 F. App'x 111, 114 (4th Cir. 2008) *(citing Garfolo v. Donald B. Heslep Assocs., Inc.*, 405 F.3d 194, 198 (4th Cir. 2005)). "[H]owever, such inferences must 'fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture.'" *Id.* (citing *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995).

Plaintiff objected to the Magistrate Judge's Report and Recommendation as to the dismissal of Plaintiff's ADAAA discrimination claim, Plaintiff's ADAAA retaliation claim, and Plaintiff's FMLA retaliation claims. The court addresses each objection below.

**A. Plaintiff's First Objection: ADAAA Claims for Failure to Accommodate and Wrongful Discharge**

The Magistrate Judge concluded that the facts of this case do not support claims under the ADAAA for failure to accommodate or for wrongful discharge. ECF No. 25 at 6-9. Plaintiff objects to this conclusion, arguing that the analysis "misreads Walters' case." ECF No.

32 at 1. Plaintiff argues that he was "disciplined and finally terminated because his supervisors chaffed [sic] at allowing him the exercise of his reasonable accommodations." ECF No. 32 at 2. Plaintiff does not argue, therefore, that Defendant failed to make reasonable accommodations. Rather, Plaintiff asserts that in firing him for making use of those accommodations, the company wrongfully discharged him because of his disability. Because Plaintiff specifically cites the Magistrate Judge's conclusion that "Plaintiff has not shown that Defendant refused to reasonably accommodate [him]" as error, this court will review the Magistrate Judge's conclusions as to Plaintiff's failure to accommodate cause of action as well as to the wrongful discharge cause of action.

### 1. Failure to Accommodate

Plaintiff must establish four elements to establish a *prima facie* case for failure to accommodate under the ADA: 1) that he was an individual with a disability covered by the statute, 2) that the employer had notice of the disability, 3) that with "reasonable accommodation he could perform the essential functions of the position," and 4) that the employer refused to make such accommodations. *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2001) (citing *Mitchell v. Washingtonville Cent. School Dist.*, 190 F.3d 1, 6 (2d Cir. 1999)).

After a careful review of the record, the court agrees with the Magistrate Judge that Defendant made reasonable accommodations for Plaintiff's disability. Plaintiff testified that Tucholski complained about Plaintiff's having to use the restroom frequently.[1] However,

---

[1] Plaintiff states the following in his deposition:
        Q: Did Joe [Tucholski] ever tell you you couldn't go to the bathroom?
        A: He complained about it all the time.
        Q: And he complained about you not being at your workstation, right?
        A: Right.

Plaintiff did not testify that Tucholski refused to allow him to go to the restroom or to get water. Furthermore, Plaintiff testified that he was allowed to drink water at his workstation, even though it was against company rules. ECF No. 17-2 at 32. The record shows that Plaintiff was free both to use the restroom and to get water as needed. Plaintiff has failed to show that Defendant refused to reasonably accommodate him. Therefore, the court grants Defendant summary judgment on Plaintiff's claim for failure to accommodate under the ADAA.

    *2. Wrongful Discharge*

    A plaintiff establishes a *prima facie* case on an ADA wrongful discharge claim by proving four elements: 1) that he has a disability covered by the ADA, 2) that he was discharged, 3) that at the time of his discharge, he was performing the job "at a level that met his employer's legitimate expectations," and 4) that his discharge occurred "under circumstances that raise a reasonable inference of unlawful discrimination." *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001).

    Although Plaintiff objects to the Magistrate Judge's conclusion that he has not established facts supporting a claim for wrongful discharge, nothing in Plaintiff's objections to the Report and Recommendation refutes the Magistrate Judge's conclusion that Plaintiff was failing to meet the legitimate expectations of his employer. After a careful review of the record, including the numerous disciplinary incidents and work product deficiencies recorded by Defendant in the two years preceding Plaintiff's termination, this court agrees with the

---

      Q: Did he ever complain about specifically you using the bathroom or just that you weren't at your workstation?
      A: Both.
ECF No. 17-2 at 40.

Magistrate Judge that Plaintiff was not meeting the legitimate expectations of Defendant. Plaintiff's claim that he was terminated because he used his reasonable accommodations has no bearing on the issue of Plaintiff's work performance. Defendant's motion for summary judgment on Plaintiff's claim for wrongful discharge because of disability discrimination is granted.

**B. Plaintiff's Second Objection: ADAA Claim for Retaliation**

To establish a *prima facie* claim for retaliation under the ADA, a plaintiff must show: 1) that he engaged in a protected activity, 2) his employer acted adversely against him, and 3) the protected activity was "causally connected" to the employer's adverse action. *Rhoads v. FDIC*, 257 F.3d 373, 392 (4th Cir. 2001). "[T]he employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the *prima facie* case." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998). The Magistrate Judge concluded that Plaintiff was unable to show a causal connection because he could not demonstrate that the decisionmakers knew of his protected activity when they decided to terminate him. ECF No. 25 at 10.

Plaintiff objects to this conclusion, arguing that it "ignores both Walters' testimony and the reasonable inferences from the evidence that are favorable to him." ECF No. 32 at 3. The court agrees. Plaintiff testified that he engaged in a protected activity by informing Carla Hunter, Defendant's human resources coordinator, that he was being treated unfairly because of his condition by his supervisor, Tucholski. ECF No. 17-2-3. Even though Hunter claims to have no recollection of Plaintiff's complaint (ECF No. 17-9 at 4-5), viewed in the light most favorable to Plaintiff, his testimony is sufficient to support a claim that he engaged in protected activity.

Plaintiff further urges the court to accept the inference that because his termination notice was signed by the plant's human resources manager, John Ryan, Carla Hunter's supervisor, that at least one of the decisionmakers–and perhaps all of them–knew about Plaintiff's complaint about Tucholski. Plaintiff argues that the court should infer routine communication between a subordinate (Hunter) and her corporate superior (Ryan). The court agrees that an inference of communication between Hunter and Ryan is, indeed, within "the range of reasonable probability" and must, therefore, be drawn in favor of Plaintiff. The court concludes that Plaintiff has established a *prima facie* case of retaliation under the ADA.

**C. Plaintiff's Evidence of Pretext**

If the plaintiff satisfies the burden of establishing a *prima facie* case, then the employer must articulate a legitimate non-retaliatory reason for its action. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998). By adducing evidence of Plaintiff's failure to meet its legitimate work-related expectations, Defendant satisfied its burden of showing legitimate, non-retaliatory reasons for its decision to terminate Plaintiff. *See supra* Part A.2. Once the employer meets this burden, the plaintiff must show that the employer's articulated reason is pretext for forbidden retaliation. *Dowe*, 145 F.3d at 657.

The survival of Plaintiff's retaliation claims,[2] therefore, is contingent on his having produced sufficient evidence of pretext. This burden "merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). A plaintiff may show pretext

_____

[2] The Magistrate Judge concluded that Plaintiff also had a *prima facie* case for unlawful retaliation under the FMLA. ECF No. 25 at 11-12.

8

"either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.*

The Magistrate Judge examined five facts offered by Plaintiff to show pretext and found them unconvincing: 1) the Plaintiff began receiving more frequent counseling following his requests for FMLA leave, 2) Plaintiff was counseled twice regarding the same attendance records, 3) Plaintiff was counseled once for what he characterized as joking with another employee, 4) Defendant is missing Plaintiff's annual reviews prior to 2010, and 5) Defendant allowed Plaintiff to return to welding after he was decertified. *See* ECF No. 25 at 12-14. Plaintiff challenges the Magistrate Judge's conclusion only with respect to the first two grounds. ECF No. 32 at 3-6. Plaintiff does not dispute the accuracy of his attendance records or the other records documenting his breaches of company policy, and he has admitted that he was having trouble performing his job. *See* ECF No. 25 at 13. Furthermore, in the only evidence in the record from which it is possible to compare the Defendant's discipline of Plaintiff to that of another employee for the same behavior, the record indicates that he was treated at least as favorably as the other individual. *See* ECF No. 25 at 13.

Plaintiff's attempt to cast suspicion on Defendant's proffered reasons for termination by examination of the timeline of FMLA requests and disciplinary actions is unavailing. In his narrative attempting to show a "cause and effect relationship" between FMLA requests and disciplinary actions, Plaintiff omits those disciplinary actions which preceded his first request for FMLA leave in September of 2010. ECF. NO. 32 at 4-5. On April 21, 2010, Plaintiff's supervisor notified him verbally of Plaintiff's unacceptable attendance record. ECF No. 17-3 at

9. On August 16, 2010, Plaintiff was again verbally notified that he had broken company policy, this time by unauthorized use of the company phone. ECF No. 17-3 at 10. The record indicates that Defendant took gradually escalating disciplinary actions precipitated by Plaintiff's violations of company policy, and that these disciplinary actions began before Plaintiff requested FMLA leave or complained to Hunter about Tucholski's alleged discrimination.

Because Plaintiff has not persuaded the court that the legitimate reasons offered by Defendant for his termination are pretextual, he cannot succeed on his retaliation claims under either the ADA or the FMLA. Defendant's motion for summary judgment as to these causes of action is granted.

**D. Plaintiff's Remaining ADEA and State Law Claims**

Plaintiff did not object to the Magistrate Judge's Report and Recommendation's conclusions regarding his ADEA and state law claims. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After a review of the applicable law and the record, the court adopts the recommendation of the Magistrate Judge as to those two claims and grants Defendant's motion for summary judgment as to them.

**CONCLUSION**

For the reasons stated herein, Defendant's motion for summary judgment is **granted**.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

September 22, 2014
Columbia, South Carolina

11